## HOLBROOK v. THORNTON.

(Court of Civil Appeals of Texas. Texarkana. March 26, 1914.)

APPEAL AND ERROR (§ 1012*)—REVIEW—FINDINGS OF FACT.

A finding by the trial judge on the weight of the evidence will not be reversed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by W. B. Thornton against J. C. Holbrook. Judgment for plaintiff, and defendant appeals. Affirmed.

Meador & Davis and M. M. Parks, all of Dallas, for appellant. J. Hart Willis and Spence, Knight, Baker & Harris, all of Dallas, for appellee.

WILLSON, C. J. By their promissory note, in form joint and several, dated January 1, 1912, one George W. Poynter and appellant undertook, 90 days after the date thereof, to pay to appellee or his order $200 and interest thereon at the rate of 10 per cent. per annum from the date of the note. In the note was a stipulation binding the makers thereof, if it was not paid when due, "to pay all costs necessary for collection, including 10 per cent. attorney's fees." It did not so appear on the face of the note, but the fact was that appellant executed it as a surety merely. Poynter died the latter part of September, 1912, leaving the note wholly unpaid. Afterwards appellee, alleging that Poynter's estate was notoriously insolvent, brought suit against appellant alone, and obtained a judgment against him for the sum of $256.93, as the amount (principal, interest and attorney's fees) due on the note. In his answer appellant alleged, as a reason why a recovery as sought should not be had against him, that appellee, without his consent, after the note matured, "for a valuable consideration [quoting] extended the time for payment of the said note for a definite period."

The testimony relied on to support this contention was a letter written by appellee to one McCurry on September 24, 1912. In this letter, after expressing sorrow over the death of Poynter, appellee said: "I have a note against him, signed by J. C. Holbrook. * * * The note is due, and is for $200, drawing interest since January 12th. George (meaning Poynter) said he would pay this off the 15th of next month. I did not need the money, and told him it would be all right." Whether the statement in the letter, if undisputed, would be sufficient to support the contention appellant makes or not, need not be determined; for it was disputed. Appellee testified that as a matter of fact he never agreed with Poynter to extend the time for the payment of the note. "I never did," he

testified, "give George one day of extension of time."

The cause was tried by the court without a jury. Whether appellee, when he made the statement quoted above from his testimony in the record, told the truth or not, was for the trial court to determine. We cannot say his determination of it against appellant's contention was unauthorized, and therefore must affirm the judgment.